# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN ALLEN STEEVES, on behalf of Brother's Keeper Ministries, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> INTERNAL REVENUE SERVICE, <br><br> Defendants. | CASE NO. 20cv204-LAB (BGS) <br><br> **ORDER TO RETAIN COUNSEL** |

Plaintiff Dean Allen Steeves moves to quash a subpoena issued by the Internal Revenue Service ("IRS") to Wells Fargo Bank. That subpoena sought financial records related to an organization known as Camp Noble, which, according to Steeves' Motion, is an "integrated auxiliary" of Brother's Keeper Ministries, a religious organization of which Steeves is a trustee. The gist of Steeves' argument is that the IRS lacks authority to subpoena information about Camp Noble and its associated entities because they are tax-exempt religious organizations.

The problem at this stage is that Steeves has filed this suit "on behalf of Brother's Keeper Ministries", (Civil Cover Sheet, Dkt. 1-1), and "as Acting Trustee of Brother's Keeper Ministries . . . and All Related Parties on the IRS Subpoena." Complaint, Dkt. 1, at 1. While Steeves may represent himself in court, he may not represent the trust or any other organization. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987) (trustee may not appear pro se in federal court on behalf of a legal entity, such as an organization or a trust). As such, if he wishes to proceed with this action as

trustee, he is **ORDERED** to secure counsel immediately. That counsel must be licensed to practice in this Court and must file a notice of appearance no later than **March 27, 2020**. If no notice of appearance is filed by that date, this action will be dismissed.[1] Steeves is **ORDERED** not to submit further briefing or motions until the notice of appearance is filed. Failure to comply may result in dismissal.

**IT IS SO ORDERED**.

Dated: March 2, 2020

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge

---

[1] Although it's true that Steeves may represent himself, the statutory provisions he cites in support of his motion to quash, 26 U.S.C. § 508 and 26 U.S.C. § 6033, relate to tax-exempt organizations. Because Steeves is a natural person and not an organization, those provisions are inapplicable to him as an individual. Accordingly, assuming the *entities* do not secure counsel, the Court will be forced to dismiss Steeves' *individual* claims without prejudice.